## AMERICAN SURETY CO v THOMAS

Ohio Appeals, 2nd Dist, Greene Co

No 407.   Decided June 21, 1935

Todd, Tehan & Lorentz, Springfield, for plaintiff in error.

Anderson, McKee & Schwer, Springfield, for defendant in error.

16

## OPINION

By BODEY, J.

Under the provisions of §10509-184 GC, the Probate Court, upon settlement of an account may, in its discretion, order distribution to be made by the executor according to law. The Probate Code does not fix the time when distribution should be made. When the final account of the executor is approved by the court showing a balance on hand for distribution, nothing remains to be done by the executor except to distribute according to law. Such an order was entered by the Probate Court in these proceedings on April 23, 1932. From that time on, the executor had no interest in the funds on hand at all. They should have been distributed immediately to the persons entitled to the same under the law or the will. It is the intent of our statutes that distribution should be made at once. Under the provisions of §10509-199 GC a legatee, after thirty days from the time of the order of distribution, may file his petition in the Probate Court against the executor in which he may represent that he has not been paid upon the former order of distribution and in which he may pray for a citation to show cause to issue against the executor. This is the procedure which was followed in this case and under the provisions of §10509-202 GC, the Probate Court rendered judgment in favor of this defendant in error against the executor. The rendition of such a judgment is warranted by said section, if no good defense be shown to the claim set forth in the petition. While the journal entry of the Probate Court does not disclose the fact that no good defense was shown to the court, it must follow that such a defense was not made or judgment would not have been rendered.

As has already been said, the instant action is provided for by §10509-207 GC, which is in the following language:

"The sureties of every such executor or administrator moreover shall be liable upon the official bond of the executor or administrator against whom a judgment may be rendered under the provisions of the preceding sections, either in the Probate or Common Pleas Court. Such sureties may ·e made parties to such judgment by petition or action to be commenced and prosecuted, in the manner above provided against executors or administrators, to final judgment and execution. In cases in which service of process has been made upon such executors or administrators, by publication, the surety shall be permitted to make any defense that the executor or administrator could have made."

Under these sections of the statute, and in a proceeding such as this, may the bondsman on action instituted under favor of §10509-207 GC set up a defense which might have been advanced by the executor in the proceedings against him alone? We are of opinion that this is not permissible unless the executor was served by publication. Counsel for the plaintiff in error cite the case of ·Curtis v National Bank, 39 Oh St, 579. The facts in this case were sufficient to support the judgment there rendered. It appeared that the administrator of an estate had executed to a creditor of the estate his promissory note as executor. The state was settled although the note was not paid. Suit was brought on the promissory note against the administrator and judgment was recovered thereon. Thereafter, the owner of the note and judgment instituted suit against the administrator and his sureties upon the administration bond alleging that the same had been breached by the failure of the administrator to pay the judgment which had been rendered on the note. The court holds in the first instance that the administrator had no authority to bind his estate by the execution of a note; that, since he did not have such authority the estate would not be liable on said note; and that a judgment against the estate on the note would not be valid, although the same would be good against the administrator as an individual. The court then held that the sureties were not precluded from defending an action on their bond for the reason that they were not sureties for the administrator as an individual and for the further reason that as sureties they were only bound

to pay valid claims or judgments which might be owing. They were permitted to set up the fact that this was a void judgment. The holding in this case does not approach the question which we have under consideration.

Counsel for the defendant in error cite the case of **Braiden v Mercer**, 44 Oh St, 339.. The syllabus in this case is as follows:

"In an action upon a guardian's bond for the recovery of the amount found due the wards upon a final settlement of the guardian's accounts in the Probate Court, the sureties are concluded by the settlement, and will not be heard, in the absence of fraud and collusion, to question its correctness or to demand a rehearing of the accounts."

The reasons given by the court for its holding in this case are set forth at page 342 in the following language:

"By their bond the sureties contract with reference to the action of a court and that their principal will obey its orders and conform to such action. Can they say they are strangers to such proceedings? Upon their principal's failure to obey the orders of the court there is clearly a breach of the bond. The relation they assume to such .court and its action so far makes them privy to the proceedings affecting their principal as to deny to them the right, when called upon to answer for the breach of the bond, to call in question the grounds upon which the court based its action, and to have the same cause retried."

This is the rule in Ohio and has been sustained in various other cases. However this holding does not dispose of our question. It is authority for the proposition, however, that a surety, in the absence of fraud or collusion is bound by the finding of the court on the final settlement of an account. The case of Braiden v Mercer, supra, so holds and it is authority for that proposition alone.

In the case at bar the surety admits the approval of the first and final account of the executor and admits that the amount owing for distribution as found therein was correct. If the surety questioned the cor-, rectness or authority of the order made by the Probate Court in settlement of this executor's account, it might have appealed therefrom as a party affected thereby. **Fidelity Guaranty Company v Woods, 35 Oh Ap, 224.** If it was dissatisfied with the order of the Probate Court made April 23,

1932 and if it did not appeal, then it would be bound thereby.

The substance of the defense set forth in this answer is that although distribution was ordered on April 23, 1932, the same had not been made prior to May 3, 1932 and that the depository in which the funds of the estate were placed failed on the latter date and for that reason the executor and his bondsmen not having knowledge of the insolvent condition of the bank should be exonerated. Other allegations of the answer which tend to show that the legatees of the estate were responsible for the failure of the executor to file his final account before April 23, 1932, could not avail as a good defense. No claim is made in this proceeding by the legatee that she is entitled to anything from the executor or his bondsman because he failed to close the estate within one year as provided by statute. We are inclined to the view that the defense offered in this answer of the plaintiff in error, granting its truth in every particular, is not sufficient in law. In our judgment, §10509-199 GC does not grant to the executor an additional thirty days within which to make distribution after his final account has been approved. We know of no provision in our statutes which grants to him any time for distribution. In other words, the same is due when the final account is approved by the court and it should be made forthwith. In the instant case, the executor could have distributed this estate to the legatees any time between April 23, 1932 and May 3, 1932. This was not done, although, in our judgment, the length of time was reasonable for its accomplishment and we believe that the executor and his bondsman are liable for this default.

Reference is now made to the last sentence contained in §10509-207 GC which has been above quoted. The legislature in enacting this section took cognizance of the fact that there are occasions when an executor may be a non-resident and that it would be necessary to serve him with process by publication. In such a case the section provides that the surety, upon whom citation has been served, may take any defense which the executor could have made. The fact that the legislature provided that the surety could defend when citation had been served upon its principal by publication indicates that the surety should not be heard to defend when the executor had been personally served. This deduction is warranted by the language of the section. In the instant case the record shows that the executor was personally served with a copy of the citation issued by the Probate Court. Therefore, giving to the last sentence of §10509-207 GC its full meaning, it follows that the surety should not be permitted to advance a defense in this cause. This is true when personal service upon the principal has been had, even if the principal has failed to defend in the lower court.

In our judgment the demurrer to this answer was properly sustained by the Common Pleas Court and its judgment is affirmed.

BARNES, PJ, and HORNBECK, J, concur.